IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02554-BNB

RONALD M. COX,

    Plaintiff,

v.

CORRECTIONAL OFFICER PASTELLETTI, at Denver Recovery and Diagnostics
    Center,
TOM CLEMENS [sic], Executive Director of Colorado Department of Corrections,
NURSE PRACTITIONER DOUG, at Denver Recovery and Diagnostics Center,
WARDEN ZAVISLAN, at Denver Recovery and Diagnostics Center,
ASST. WARDEN DIEITCHRIST, at Denver Recovery and Diagnostics Center,
CAPTAIN REAUX, at Denver Recovery and Diagnostics Center,
CAPTAIN CHAVEZ, at Denver Recovery and Diagnostics Center,
CAPTAIN ZERBO, at Denver Recovery and Diagnostics Center, and
LIEUTENANT CARIGAN, at Denver Recovery and Diagnostics Center,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Ronald M. Cox, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Cox filed *pro se* a prisoner complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. He asks for money damages and injunctive relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

    The Court must construe Mr. Cox's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se*

litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Cox will be directed to file an amended complaint.

Mr. Cox asserts three claims based on his allegations that on approximately May 27, 2011, he ingested two razor blades he believes were placed in the cookies on his dinner tray. At the time, he apparently was incarcerated at the Denver Reception and Diagnostic Center, which he refers to as the Denver Recovery and Diagnostics Center. He complains that he received serious bodily injury and was refused medical attention until he was transferred to a hospital on May 29, 2011, when it was discovered that he had ingested two razor blades. On the basis of these allegations, Mr. Cox asserts that the defendants violated his constitutional rights to due process, equal protection, and to be free from deliberate indifference to his serious medical needs.

In the amended complaint he will be directed to file, Mr. Cox must assert the personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Cox must show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Cox may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Cox uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended complaint Mr. Cox will be directed to file also must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Cox to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

      Mr. Cox will be directed to file an amended complaint that alleges the defendants' personal participation in the asserted constitutional violations and complies with the pleading requirements of Rule 8.  Mr. Cox must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

      Accordingly, it is

      ORDERED that Plaintiff, Ronald M. Cox, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order.  It is

      FURTHER ORDERED that Mr. Cox shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

      FURTHER ORDERED that, if Mr. Cox fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and the action.

      DATED November 21, 2011, at Denver, Colorado.

      BY THE COURT:

      s/ Boyd N. Boland
      United States Magistrate Judge