IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02554-BNB

RONALD M. COX,

    Plaintiff,

v.

CORRECTIONAL OFFICER PESTILLETTI, at DRDC of CDOC,
TOM CLEMENTS, Executive Director of CDOC,
NURSE DOUG, at DRDC of CDOC,
WARDEN ZAVISLAN, at DRDC of CDOC,
ASST. WARDEN DIETCHRICT, at DRDC of CDOC,
CAPTAIN CHAVEZ, at DRDC of CDOC,
CAPTAIN REAUX, at DRDC of CDOC,
CAPTAIN ZERBO, at DRDC of CDOC, and
LIEUTENANT CARIGAN, at DRDC of CDOC,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Ronald M. Cox, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Cox initiated this action by filing *pro se* a Prisoner Complaint (Doc. #1) alleging that his rights under the United States Constitution have been violated. On November 21, 2011, the court ordered Mr. Cox to file an amended complaint that clarifies how each named Defendant personally participated in the asserted constitutional violations and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On December 22, 2010, Mr. Cox filed an amended Prisoner Complaint (Doc. #9) asserting constitutional claims pursuant to 42 U.S.C. § 1983.

The court must construe the amended Prisoner Complaint liberally because Mr. Cox is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Cox will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

Mr. Cox's claims arise out of an incident that occurred on May 28, 2011, at the Denver Reception and Diagnostic Center (DRDC) when he allegedly swallowed two razor blades that were placed in the cookies he was served with his dinner tray. The court has reviewed the amended Prisoner Complaint and finds that, although Mr. Cox has made an effort to link the named Defendants to his claims stemming from this incident, he still fails to allege specific facts that demonstrate how each named Defendant, other than Defendant Nurse Doug, personally participated in the alleged violations of his constitutional rights. For example, part of Mr. Cox's first claim for relief is an Eighth Amendment violation premised on the alleged failure of Defendants Pestilletti, Zerbo and Carigan to prevent the food contamination incident from occurring because these Defendants supervise the inmates who prepare meals at DRDC. (*See* Doc. #9 at 5.) However, Mr. Cox fails to allege specific facts that demonstrate any of these Defendants acted with deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Similarly, Mr. Cox provides specific allegations regarding the conditions of a drycell in which he was placed as part of his third claim for relief (*see* Doc. #9 at 9), but he fails to provide specific allegations that demonstrate how each named Defendant personally participated in the alleged

constitutional violation that resulted from the conditions in the drycell.  Instead, he asserts in vague and conclusory fashion only that "[a]ll of this is authorized to be conducted by Executive Director of the Colorado Department of Corrections, Tom Clements, and approved by Warden Zavislan, Asst. Warden Dietchrict, Captain Chavez, [and] Captain Reaux." (*Id.*)  This vague and conclusory assertion is not sufficient to demonstrate that each of these five individuals somehow violated Mr. Cox's constitutional rights.

Because it appears that Mr. Cox has made an effort to comply with the court's prior order, he will be given one more opportunity to file a pleading that clarifies how each named Defendant personally participated in the asserted constitutional violations and that complies with the pleading requirements of Rule 8.

In order to state a claim in federal court, Mr. Cox "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to

deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Cox should name as Defendants in his second amended complaint only those persons that he contends actually violated his federal constitutional rights.

Finally, because Mr. Cox has named a number of supervisory officials as Defendants, the Court again emphasizes that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Cox must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to the supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Accordingly, it is

ORDERED that Mr. Cox file, within thirty (30) days from the date of this order, a second amended Prisoner Complaint that complies with this order. It is

FURTHER ORDERED that Mr. Cox shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Cox fails to file a second amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED January 31, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge