**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-02554-REB-MEH

RONALD M. COX,

      Plaintiff,

v.

NURSE DOUG OF (DRDC)(CDOC),
(DRDC) WARDEN ZAVISLAN (CDOC), and
(DRCD) CAPTAIN REAUX (CDOC),

      Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the **Defendants' Motion To Dismiss** [#27][1] filed May 21, 2012; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#40] filed July 30, 2012.  I approve and adopt the recommendation.  Accordingly, I grant the motion to dismiss in part and deny it in part.

The plaintiff is acting *pro se*.  Therefore, I construe his filings generously and with the leniency due pro se litigants, see **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

The plaintiff did not file objections to the recommendation. Thus, I review it only

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

for plain error. **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no error, much less plain error, in the disposition recommended by the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.

In his compliant the plaintiff Ronald Cox alleges that the defendants denied him proper medical care in violation of his right against cruel and unusual punishment under the Eighth amendment. In a claim designated as Claim 1(b), Mr. Cox asserts that he was subjected to cruel and unusual punishment by defendant Nurse Doug when Mr. Cox was denied timely medical treatment on the night he inadvertently ingested razor blades found in his prison food. In Claim 2, Mr. Cox asserts two sub-claims. In Claim 2(a), Mr. Cox alleges that defendants Captain Reaux and Warden Zavislan inflicted cruel and unusual punishment on Mr. Cox by placing Mr. Cox in a dry cell as part of his treatment. In claim 2(b), Mr. Cox alleges that defendants Captain Reaux and Warden Zavislan inflicted cruel and unusual punishment on Mr. Cox by denying Mr. Cox previously prescribed medical treatment to treat his inadvertent ingestion of razor blades. All other claims and defendants were dismissed previously.

After a thorough analysis, the magistrate judge recommends that the motion to dismiss be granted as to Claim 1(b) because Nurse Doug is entitled to qualified immunity. Additionally, the magistrate judge recommends that the motion to dismiss be granted as to Claim 2(a) because Captain Reaux and Warden Zavislan are entitled to qualified immunity as to this claim. Finally, the magistrate judge recommends that the motion to dismiss be denied as to claim 2(b) because Captain Reaux and Warden

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter. **Morales-Fernandez**, 418 F.3d at 1122.

Zavislan are not entitled to qualified immunity as to this claim. I agree with the analysis and conclusions of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#40] filed July 30, 2012, is **APPROVED AND ADOPTED** as an order of this court;

2. That the **Defendants' Motion To Dismiss** [#27] filed May 21, 2012, is **DENIED** as to the plaintiff's claim, designated as claim 2(b), alleging that Captain Reaux and Warden Zavislan violated the plaintiff's Eight Amendment rights by denying the plaintiff previously prescribed medical treatment to treat to his inadvertent ingestion of razor blades;

3. That otherwise, the **Defendants' Motion To Dismiss** [#27] filed May 21, 2012, is **GRANTED** as to all other pending claims; and

4. That the defendant designated as "Nurse Doug of (DRDC) (CDOC)" is **DROPPED** from this case, and the caption is **AMENDED** accordingly.

Dated March 12, 2013 at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge