**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 11-cv-02554-RM-MEH

RONALD M. COX,

      Plaintiff,

v.

(DRDC) WARDEN ZAVISLAN (CDOC), and
(DRDC) CAPTAIN REAUX (CDOC),

      Defendants.

---

**ORDER**

---

    This matter is before the Court on United States Magistrate Judge Michael E. Hegarty's Recommendation ("Recommendation") (ECF No. 119) that the Court grant Defendants Zavislan and Reaux's motion for summary judgment (ECF No. 106). Plaintiff Ronald Cox filed timely objections to parts of the Recommendation ("Objection") (ECF No. 130).

    For the reasons stated below, the Court OVERRULES the Objection to the Recommendation, ADOPTS the Magistrate Judge's Recommendation, and GRANTS Defendants' motion for summary judgment.

**I.    LEGAL STANDARDS**

    **A.    Review of the Magistrate Judge's Report and Recommendation**

    When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B.      Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569-70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com,*

*Inc.,* 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted). A fact is "material" if it pertains to

an element of a claim or defense; a factual dispute is "genuine" if the evidence is so

contradictory that if the matter went to trial, a reasonable jury could return a verdict for either

party. *Anderson*, 477 U.S. at 248. The facts must be considered in the light most favorable to

the nonmoving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013)

(citations omitted).

The Court will not consider statements of fact, or rebuttals thereto, which are not material

or are not supported by competent evidence. Fed. R. Civ. P. 56(c)(1)(A), 56(e)(2), 56(e)(3).

Only admissible evidence may be considered when ruling on a motion for summary judgment.

*Jaramillo v. Colorado Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005) (citation omitted)

(holding that hearsay evidence is not acceptable in opposing a summary judgment motion);

*World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). Affidavits

must be based on personal knowledge and must set forth facts that would be admissible evidence

at trial. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation

omitted). "Conclusory and self-serving affidavits are not sufficient." *Id.* "[O]n a motion for

summary judgment, it is the responding party's burden to ensure that the factual dispute is

portrayed with particularity, without depending on the trial court to conduct its own search of the

record." *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (internal quotation and

citation omitted). The Court is "not obligated to comb the record in order to make [Plaintiff's]

arguments for [him]." *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir.

2000). In the summary judgment context, a *pro se* litigant's verified complaint may be treated as

an affidavit as long as it satisfies the standards for affidavits outlined in Rule 56 of the Federal

Rules of Civil Procedure.  *Adams v. Dyer*, 223 Fed. App'x 757, 764 n.7 (10th Cir. 2007) (citing *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988)).

Further, Local Rule 7.1(e) provides that "[e]very citation in a motion, response or reply shall include the specific page or statutory subsection to which reference is made."  D.C. Colo. L. Civ. R. 7.1(e).

C.     *Pro Se* **Status**

Plaintiff is proceeding *pro se*.  The Court, therefore, reviews his pleadings and other filings liberally and holds them to a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted).  A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted).  Plaintiff's *pro se* status does not entitle him to application of different civil procedure rules.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Wells v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted), *affirmed and adopted in* 2010 WL 4449729.

## II.     PROCEDURAL BACKGROUND

No party objects to the Magistrate Judge's recitation of the case's procedural history. Accordingly, the Court adopts and incorporates the procedural history included within the Recommendation as if set forth herein.  (ECF No. 119 at 2-3.)  Before the Court is only Plaintiff's Eighth Amendment claim of Defendants' deliberate indifference, in their individual capacities, to his serious medical needs.  (ECF No. 119 at 3.)

## III.    PLAINTIFF'S CLAIM

Plaintiff's is an inmate with CDOC whose sole remaining claim in this case has been cast as whether Defendants "violated [his] Eighth Amendment rights by denying [him] previously prescribed medical treatment [for] his inadvertent ingestion of razor blades."  (ECF No. 67 at 3.) Plaintiff's claim has also been characterized as "deliberate indifference to Plaintiff's serious medical needs."  (ECF No. 119 at 3.)  At its core, Plaintiff's claim is that he should not have been released to the general inmate population on June 7, 2011, following a period of hospitalization and confinement to a dry cell in connection with his inadvertent ingestion of razor blades.  Instead, according to Plaintiff, he should have been returned to the hospital or remained in the dry cell as this, he contends, was medically prescribed.

## IV.     FACTUAL BACKGROUND

For the Magistrate Judge's Findings of Fact (ECF No. 119 at 3-10) to which Plaintiff has not filed an objection, the Court adopts and incorporates those facts as if set forth in this Order. To aid comprehension of this matter, the Court briefly sets forth the minimal, pertinent factual background regarding Plaintiff's Eighth Amendment claim. The Court will address Plaintiff's multitude of factual objections in the Analysis section below.

Plaintiff is incarcerated with the Colorado Department of Corrections ("CDOC").  (ECF No. 14 at 2.)  On May 28, 2011, Plaintiff reported that he believed he swallowed a razor blade implanted in a cookie that he had consumed.  (ECF No. 106-1.)  An on-call CDOC employee then referred Plaintiff to Denver Health Medical Center ("Denver Health") for x-rays.  (ECF No. 106-1.)

Denver Health staff found that Plaintiff ingested foreign bodies, *i.e.*, razor blades, and monitored Plaintiff from May 29, 2011 through June 4, 2011.  (ECF Nos. 106-2, 106-3.)  While at Denver Health, Denver Health x-rayed Plaintiff's abdomen four times.  (ECF Nos. 106-4, 106-5, 106-6, 106-7, 106-9.)  There are somewhat conflicting indications in the evidence as to whether one or two blades were ingested and as to whether one passed during the hospital stay.  (*See* ECF Nos. 106-6, 106-7, 106-10 at 1, 3.)  Nonetheless, on June 4, 2011, a Denver Health physician assessed Plaintiff and determined that "[t]his patient needs continued close observation until the F[oreign] B[ody] passes.  If he can [], be monitored at another facility by nursing & get daily AXR [x-ray], then transfer will be reasonable.   Otherwise, he needs to stay @ CCMF until blades pass." (ECF No. 106-9.)

On June 4, 2011, Denver Health discharged Plaintiff to CDOC's Denver Reception and Diagnostic Center ("DRDC") Infirmary.  (*See* ECF Nos. 106-3; 106-8 at ¶¶ 10-11.)  At the DRDC, Plaintiff was placed in a "dry cell" for further monitoring to determine if he passed the razor blade.  (ECF Nos. 106-10 at 3; 106-11.)  While in the dry cell from June 4, 2011 to June 7, 2011, CDOC clinical and security staff monitored Plaintiff and took daily x-rays of his abdomen.  (ECF Nos. 106-10 at 4-8, 106-12, 106-13, 106-14, 106-15, 110 at 64.)

On June 7, 2011, CDOC released Plaintiff from the dry cell to the general inmate population. (ECF No. 106-16.) He was also seen by a CDOC infirmary nurse on that date. (*Id.*) On June 8, 2011, Plaintiff's abdomen was again x-rayed. (ECF No. 106-18.) The June 8, 2011 x-ray revealed that a density seen on a June 6, 2011 x-ray was no longer present in the Plaintiff, and the treating staff detected no foreign object in Plaintiff. (ECF No. 106-18.)

CDOC Administrative Regulations ("AR") provide a grievance process[1] for offenders to resolve a variety of issues, including issues related to health care concerns. (ECF Nos. 118-4, 118-5.) AR #850-04 provides that grievances not in compliance with CDOC's regulations will be denied on procedural grounds. (ECF No. 118-4 at 2.) "When a grievance is denied for a procedural error, the grievance officer shall certify in the response that the offender has **not** exhausted the grievance process." (ECF No. 118-5 at 5 (emphasis in original).) AR #850-04 provides that "each grievance shall address only one problem or complaint. . . . Problems that arise from the same incident or set of facts shall be grieved in one grievance. . . . A substantive issue or remedy may not be added at a later step if it has not been contained in each previous step of that particular grievance." (ECF No. 118-5 at 4.)

Plaintiff filed a grievance concerning razor blades allegedly implanted in his food, the co-pays charged for his medical care, and the medical care he received when a razor allegedly remained inside him. (ECF No. 106-25 at 3.) Plaintiff followed his grievance through steps 2 and 3 of the grievance procedure. (ECF No. 106-25 at 1-2.) At Step 3, a CDOC grievance officer denied Plaintiff's grievance because he failed to comply with the AR #850-04 concerning

---

[1] The Recommendation cites to a more recent version of the CDOC AR regarding grievance processing which became effective December 15, 2012. (ECF No. 106-24.) The Court uses the CDOC AR (ECF Nos. 118-4, 118-5) regarding grievance processing in effect at the time of Plaintiff's grievance (ECF No. 106-25). The Magistrate Judge's failure to cite to the effective grievance processing AR does not change the Court's holding that the Recommendation correctly concluded that Plaintiff failed to exhaust his administrative remedies.

the scope of grievances, saying that Plaintiff's grievance contained multiple issues.  (ECF No. 106-26.)  As a result, the grievance officer determined that, based on a procedural error, Plaintiff did not exhaust his administrative remedies.  (ECF No. 106-26.)

## V.    ANALYSIS

The Court has reviewed the Recommendation, Plaintiff's Objection, and all relevant filings, and concludes that Magistrate Judge Hegarty's analysis of the issues was thorough and his conclusions were correct.

### A.    Plaintiff's Objections to the Magistrate Judge's Findings of Fact

Plaintiff objects to certain of the Magistrate Judge's findings of fact in the Recommendation (ECF No. 119 at 3-10).  (ECF No. 130 at 2-4.)  Many of the factual objections are in the nature of squabbles which are not particularly relevant to the critical issues before the Court.  And most of these objections suffer from a host of infirmities which also affected Plaintiff's responses to Defendants' summary judgment motion.  Plaintiff's responses to Defendants' statement of facts (as part of the summary judgment motion) did not conform to the Federal Rules of Civil Procedure.  (*See* ECF No. 110 at 21-27.)  Plaintiff did not affirmatively admit or deny Defendants' facts.  (*See* ECF No. 110 at 21-27.)  Plaintiff responded to some of Defendants' statements of facts but relied upon the Court to decipher as to whether Plaintiff disputed Defendants' statements of facts.  (*See* ECF No. 110 at 21-27.)  The Magistrate Judge properly considered as undisputed Defendants' statements of fact that were material and not disputed with competent evidence.  Fed. R. Civ. P. 56(e)(2).  It is not the Court's obligation to identify factual support or construct legal arguments for Plaintiff.  *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1325 (10th Cir. 1987) (citations omitted) (holding that

"[o]nce a party moving for summary judgment has met his initial burden, the party resisting the motion cannot rest on his pleadings" but rather the party opposing the motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered).

The majority of Plaintiff's objections to the Magistrate Judge's findings of fact (ECF No. 130 at 2-4) do not cite to the record which would direct the Court as to the factual basis for Plaintiff's objections.  For the following reasons, the Court OVERRULES Plaintiff's objections.

Objections 1, 2:  The Magistrate Judge found that on June 5, 2011, CDOC clinical staff issued reports regarding Plaintiff's medical condition.  (ECF No. 119 at 6.)  The Magistrate Judge's findings were based on the record Defendants submitted in support of their motion for summary judgment.  (ECF No. 106-12.)  Plaintiff did not deny Defendants' statement of facts which formed the basis for the Magistrate Judge's findings.  (*See generally* ECF No. 110 at 21-22.)  Rule 56(e)(2) provides that the Court may consider undisputed Defendants' statements of fact that were not disputed.  *See Dayton Hudson*, 812 F.2d at 1325.  Further, the Court's Practice Standards applicable to civil cases, effective May 2013, state that a party opposing a motion for summary judgment "shall . . . admit or deny the asserted material facts set forth by the movant. . . . Any denial shall be accompanied by a brief factual explanation of the reason(s) for the denial and a specific reference to material in the record supporting the denial."  Practice Standards (Civil Cases), Judge Raymond P. Moore, § IV.L.3.b.ii.3 (effective May 2013).  Accordingly, the Court cannot overlook Plaintiff's failure to admit or deny the facts contained in Defendants' statement of undisputed facts.  Rather, those facts are deemed admitted, and the Court must enter summary judgment in Defendants' favor if it is appropriate under the facts and authorities before the Court.  *See Am. Auto. Ins. Co. v. Marlow*, 666 F. Supp. 2d 1209, 1212-13 (D. Colo. 2009).

Without citation to the record, Plaintiff objects on the basis that "medical never asked Plaintiff if he was in pain or had any medical concerns." (ECF No. 130 at 2.) Plaintiff's objection does not engage the Magistrate Judge's findings as the objection addresses whether Plaintiff was asked about his medical condition and the findings relate to what CDOC clinical staff reported. For these reasons, the Court overrules Plaintiff's objections.

Objection 3:   The Magistrate Judge found that although Plaintiff reported that he was "asymptomatic," CDOC treating physician Dr. Singh ordered an x-ray of Plaintiff's abdomen to evaluate whether the foreign body had passed. (ECF No. 119 at 6.) The Magistrate Judge's finding of fact was based on the record Defendants submitted in support of their motion for summary judgment. (ECF No. 106-13.) Plaintiff did not deny Defendants' statement of fact which formed the basis for the Magistrate Judge's finding. (*See generally* ECF No. 110 at 22.) For the reasons stated previously, *supra*, this fact is deemed admitted. Plaintiff objects on the basis that he never reported to a medical provider that he felt asymptomatic, that he was on medication at the time in question, and that he knew a razor blade remained in his body. (ECF No. 130 at 2.) Plaintiff's objection does not engage the pertinent issue which is whether another x-ray was ordered to be taken of Plaintiff's abdomen. For these reasons, the Court overrules Plaintiff's objection.

Objection 4:   The Magistrate Judge found that on June 7, 2011, CDOC medical provider Chris Owusu ("Owusu") saw Plaintiff, made a report regarding his interaction with Plaintiff, and ordered another x-ray of Plaintiff's abdomen. (ECF No. 119 at 6-7.) The Magistrate Judge's finding of fact was based on the record Defendants submitted in support of their motion for summary judgment. (ECF No. 106-15.) Plaintiff did not deny Defendants' statement of fact

which formed the basis for the Magistrate Judge's finding.  (*See generally* ECF No. 110 at 22.)

For the reasons stated previously, *supra*, this fact is deemed admitted.  Plaintiff objects on the

basis that he never told Owusu anything that would correlate to Owusu's report and that there is

no radiology report for June 7, 2011.  (ECF No. 130 at 2.)  Plaintiff's objection to his verbal

interaction with Owusu is without citation to the record.  Plaintiff's objection to the lack of a

radiology report for June 7, 2011 does not alter the factual finding that an x-ray was ordered on

June 7, 2011.  For these reasons, the Court overrules Plaintiff's objection.

Objection 5:  The Magistrate Judge found that on June 7, 2011, Plaintiff was released

from dry cell watch to the general inmate population.  (ECF No. 119 at 7.)  The Magistrate

Judge's finding of fact was based on the record Defendants submitted in support of their motion

for summary judgment.  (ECF No. 106-16.)  Plaintiff did not deny Defendants' statement of fact

which formed the basis for the Magistrate Judge's finding.  (*See generally* ECF No. 110 at 22.)

For the reasons stated previously, *supra*, this fact is deemed admitted.  Plaintiff objects on the

basis that he was released from the dry cell without an x-ray, without a medical provider's

permission, and in derogation of Denver Health's medical order.  (ECF No. 130 at 2.)  Plaintiff's

objection does not engage the Magistrate Judge's finding.  For these reasons, the Court overrules

Plaintiff's objection.

Objection 6:  The Magistrate Judge found that at the time of his release from dry cell

watch, CDOC clinical services examined Plaintiff and reported, using various forms, that

Plaintiff had no injuries or complaints.  (ECF No. 119 at 7.)  The Magistrate Judge's finding of

fact was based on the record Defendants submitted in support of their motion for summary

judgment.  (ECF No. 106-17.)  Plaintiff did not deny Defendants' statement of fact which formed

the basis for the Magistrate Judge's finding. (*See generally* ECF No. 110 at 23.) For the reasons stated previously, *supra*, this fact is deemed admitted. Without citation to the record, Plaintiff objects because CDOC "medical" did not ask Plaintiff if he had any medical complaints and the anatomical form was related to a check on his restraints. (ECF No. 130 at 2.) Plaintiff's objection does not engage the Magistrate Judge's finding that CDOC clinical services determined, at the time of his release, that Plaintiff had no physical ailments. For these reasons, the Court overrules Plaintiff's objection.

Objection 7: The Magistrate Judge found that on June 8, 2011, Plaintiff's abdomen was x-rayed again and this x-ray revealed that no radiodense foreign body could be detected and that the previously seen radiodensity was no longer present. (ECF No. 119 at 7.) The Magistrate Judge's finding of fact was based on the record Defendants submitted in support of their motion for summary judgment. (ECF No. 106-18.) Plaintiff did not deny Defendants' statement of fact which formed the basis for the Magistrate Judge's finding. (*See generally* ECF No. 110 at 23.) For the reasons stated previously, *supra*, this fact is deemed admitted. Plaintiff objects on the basis that Defendants failed to respond to Plaintiff's discovery request to mail this x-ray. (ECF No. 130 at 2.) Plaintiff's objection does not engage the Magistrate Judge's finding as the objection addresses a discovery dispute. For these reasons, the Court overrules Plaintiff's objection.

Objection 8: The Magistrate Judge found that on July 13, 2011, Plaintiff's chest and abdomen were x-rayed again and that this x-ray revealed no evidence of a foreign body. (ECF No. 119 at 7.) The Magistrate Judge's finding of fact was based on the record Defendants submitted in support of their motion for summary judgment. (ECF No. 106-19.) Plaintiff did

not deny Defendants' statement of fact which formed the basis for the Magistrate Judge's finding. (*See generally* ECF No. 110 at 23.) For the reasons stated previously, *supra*, this fact is deemed admitted. Plaintiff objects on the basis that this x-ray was taken 35 days after the "reported incident." (ECF No. 130 at 2.) Plaintiff's objection does not engage the Magistrate Judge's finding as the objection merely states a time issue which is readily apparent. For these reasons, the Court overrules Plaintiff's objection.

Objection 9: The Magistrate Judge found that on July 13, 2012, Plaintiff reported that he had swallowed pieces of a metal inhaler and that an x-ray taken of his abdomen on that day revealed no indication of a foreign body. (ECF No. 119 at 7.) The Magistrate Judge's finding of fact was based on the record Defendants submitted in support of their motion for summary judgment. (ECF Nos. 106-20, 106-21.) Plaintiff did not deny Defendants' statements of fact which formed the basis for the Magistrate Judge's findings. (*See generally* ECF No. 110 at 23-24.) For the reasons stated previously, *supra*, these facts are deemed admitted. Plaintiff objects on the basis that the July 2012 x-ray is not related to his razor blade complaint. (ECF No. 130 at 2.) Plaintiff's objection does not engage the Magistrate Judge's findings. For these reasons, the Court overrules Plaintiff's objection, but notes his relevance concern.

Objection 10: The Magistrate Judge found that Defendant Zavislan's practice was to consult with staff, including clinical staff, as to the appropriate *next steps* when an offender *is released* from the dry cell. (ECF No. 119 at 8.) The Magistrate Judge's finding of fact was based on the record Defendants submitted in support of their motion for summary judgment. (ECF No. 106-22 at ¶ 7.) Plaintiff did not deny Defendants' statement of fact which formed the basis for the Magistrate Judge's finding. (*See generally* ECF No. 110.) For the reasons stated

previously, *supra*, this fact is deemed admitted.  Without citation to the record, Plaintiff objects

on the basis that Defendant Zavislan deviated from her practice regarding dry cell watches and

that Defendant Zavislan released Plaintiff without a doctor's prior approval.  (ECF No. 130 at 3.)

Plaintiff, however, fails to cite any CDOC AR that required Defendant Zavislan to extend

Plaintiff's dry cell watch or cite to any record evidence demonstrating that Defendant Zavislan

was required to check with a doctor prior to transferring him from a dry cell to the general

inmate population.  Plaintiff's objection does not engage the Magistrate Judge's finding as it is

Defendant Zavislan's practice to consult with clinical staff for *next steps* when an offender *is*

*released* from the dry cell.  And not in the record is evidence that it was Defendant Zavislan's

practice to consult with clinical staff prior to releasing a prisoner from dry cell watch.  For these

reasons, the Court overrules Plaintiff's objection.

Objection 11:  The Magistrate Judge found that Defendant Zavislan follows clinical staff

recommendations as to medical care offenders should receive and that she cannot recall an

instance in which she has overridden a recommendation for medical treatment made by clinical

staff.  (ECF No. 119 at 8.)  The Magistrate Judge's finding of fact was based on the record

Defendants submitted in support of their motion for summary judgment.  (ECF No. 106-22 at ¶

10.)  Plaintiff did not deny Defendants' statement of fact which formed the basis for the

Magistrate Judge's finding.  (*See generally* ECF No. 110 at 25-26.)  For the reasons stated

previously, *supra*, this fact is deemed admitted.  Plaintiff objects on the basis that "no medical

personal [sic] recommended Plaintiff to be released from dry[]cell watch."  (ECF No. 130 at 3.)

Plaintiff's objection does not engage the Magistrate Judge's finding as the objection addresses a

separate issue regarding his medical care.  (ECF No. 130 at 3.)  Further, Plaintiff's response to

Defendants' statement of material fact in this regard (ECF No. 110 at 25-26) relies upon Denver Health's recommendation as to his desired medical care (ECF No. 106-3).  But CDOC medical staff was treating Plaintiff at the time of his release from dry cell and continued to do so after his release, thus CDOC was providing Plaintiff with "follow-up" medical care.  (ECF No. 106-8 at ¶¶ 11, 15-17.)  For these reasons, the Court overrules Plaintiff's objection.

Objection 12:  The Magistrate Judge found that Defendant Zavislan "does not recall knowing that a razor blade remained in Plaintiff's body at the time he was released from dry cell observation nor making any decisions relating to Plaintiff's transfer that would have been contrary to a medical directive."  (ECF No. 119 at 8.)  The Magistrate Judge's finding of fact was based on the record Defendants submitted in support of their motion for summary judgment. (ECF No. 106-22 at ¶ 16.)  Plaintiff did not deny Defendants' statement of fact which formed the basis for the Magistrate Judge's finding.  (*See generally* ECF No. 110 at 26.)  For the reasons stated previously, *supra*, this fact is deemed admitted.  Plaintiff objects on the basis that Defendant Reaux admitted that she reported Plaintiff's progress to Defendant Zavislan (ECF No. 110-1 at 44) and that Defendant Reaux knew Plaintiff was released despite not passing the razor blade (ECF No. 110-1 at 45).  (ECF No. 130 at 3.)  Plaintiff's objection based upon a chain-of-command issue is well-taken, nevertheless it is insufficient to affect the ultimate resolution of this matter as it does not address whether Plaintiff exhausted his administrative remedies or whether Defendants acted with deliberate indifference to his serious medical needs, *see infra* V.B and V.C.

Objection 13:  The Magistrate Judge found that clinical staff is not within Defendant Zavislan's chain of command.  (ECF No. 119 at 8.)  The Magistrate Judge's finding of fact was

based on the record Defendants submitted in support of their motion for summary judgment. (ECF No. 106-22 at ¶ 11.)  This fact was not submitted as a separate statement of fact necessitating Plaintiff's response to avoid a deemed admission.  Plaintiff objects on the basis that Defendant Zavislan follows clinical staff's recommendation.  (ECF No. 130 at 3.)  Plaintiff's objection, however, is without citation to the record and does not address the substance of the factual finding.  (*See* ECF No. 130 at 3.)  For these reasons, the Court overrules Plaintiff's objection.

Objection 14:  The Magistrate Judge found that Defendant Reaux did not have access to Plaintiff's medical records and any information she obtained about his medical condition or course of treatment would be based on verbal reports to her from clinical staff.  (ECF No. 119 at 8-9.)  The Magistrate Judge's finding of fact was based on the record Defendants submitted in support of their motion for summary judgment.  (ECF No. 106-23 at ¶ 7.)  Plaintiff did not deny Defendants' statements of fact which formed the basis for the Magistrate Judge's finding.  (*See generally* ECF No. 110.)  For the reasons stated previously, *supra*, these facts are deemed admitted.  Plaintiff objects on the basis that Defendant Reaux reviewed a log sheet and received reports from officers as to Plaintiff's progress and that the log sheets stated that no razor blade had been found.  (ECF No. 130 at 3.)  Plaintiff's objection does not engage the Magistrate Judge's finding as the objection does not address what the clinical staff told Defendant Reaux as opposed to CDOC correctional officers.  Plaintiff essentially argues that by virtue of reviewing the log sheets, to which Plaintiff has not provided a record citation, Defendant Reaux would have been aware of a razor blade remaining in Plaintiff.  But the log sheets did not affirmatively

identify that a razor blade remained in Plaintiff, rather they only stated that one has not been

found.  (*See* ECF No. 106-10.)  For these reasons, the Court overrules Plaintiff's objection.

Objection 15:  The Magistrate Judge found that it was Defendant Reaux's practice to

discuss an offender's medical status with clinical staff before releasing an inmate from dry cell

observation.  (ECF No. 119 at 9.)  The Magistrate Judge's finding of fact was based on the

record Defendants submitted in support of their motion for summary judgment.  (ECF No. 106-

23 at ¶ 10.)  Plaintiff did not deny Defendants' statements of fact which formed the basis for the

Magistrate Judge's finding.  (*See generally* ECF No. 110 at 26.)  For the reasons stated

previously, *supra*, this fact is deemed admitted.  Without citation to the record, Plaintiff objects

on the basis that there is no record to show that Defendant Reaux followed a CDOC "policy"

requiring a medical consultation prior to his release from dry cell watch.  (ECF No. 130 at 3.)

Plaintiff's objection does not engage the Magistrate Judge's finding as the objection addresses an

unidentified policy as opposed to Defendant Reaux's practice.  Plaintiff states that he was

released from dry cell watch prior to CDOC's officers consulting with medical staff.  (ECF No.

130 at 3.)  Plaintiff, neither in his objection nor his response to Defendants' statement of fact

identifies anything that required Defendant Reaux to receive a medical provider's permission

before releasing an inmate from dry cell observation.  For these reasons, the Court overrules

Plaintiff's objection.

Objection 16:  The Magistrate Judge found that Defendant Reaux was not aware of

instructions from a medical provider that Plaintiff should be returned to a medical facility if

Plaintiff did not pass the foreign body.  (ECF No. 119 at 9.)  The Magistrate Judge's finding of

fact was based on the record Defendants submitted in support of their motion for summary

judgment.  (ECF No. 106-23 at ¶ 9.)  Plaintiff did not deny Defendants' statements of fact which

formed the basis for the Magistrate Judge's finding.  (*See generally* ECF No. 110.)  For the

reasons stated previously, *supra*, this fact is deemed admitted.  Plaintiff objects on the basis that

Defendant Reaux admitted that Plaintiff made her aware of doctor's instructions.  (ECF No. 130

at 3.)  Plaintiff's response to Defendants' statement of fact and his objection purport to rely on

Defendant Reaux's admission (ECF No. 110-1 at 44-45).  But Defendant Reaux did not admit

that Plaintiff advised her of a doctor's instructions that he was to be returned to an outside

medical facility if the razor blades did not pass.  (ECF No. 110-1 at 44-45.)  For these reasons,

the Court overrules Plaintiff's objection.

Objection 17:  The Magistrate Judge found that Defendant Reaux interacted with Plaintiff

while he was in the dry cell and Defendant Reaux did not observe that Plaintiff was in pain or

that he needed medical attention.  (ECF No. 119 at 9.)  The Magistrate Judge's finding of fact

was based on the record Defendants submitted in support of their motion for summary judgment.

(ECF No. 106-23 at ¶ 6.)  Plaintiff did not deny Defendants' statements of fact which formed the

basis for the Magistrate Judge's finding.  (*See generally* ECF No. 110.)  For the reasons stated

previously, *supra*, these facts are deemed admitted.  Plaintiff objects on the basis that Defendant

Reaux did not ask Plaintiff if he was in pain or having medical complications but depended upon

her visual assessment.  (ECF No. 130 at 3.)  Plaintiff's objection does not engage the Magistrate

Judge's finding.  For these reasons, the Court overrules Plaintiff's objection.

Objection 18:  The Magistrate Judge found that CDOC denied Plaintiff's grievance

because Plaintiff failed to comply with the administrative regulation concerning the scope of

grievances as his grievance contained multiple issues and as a result, the grievance officer

determined that Plaintiff did not exhaust his administrative remedies.  (ECF No. 119 at 10.)  The

Magistrate Judge's finding of fact was based on the record Defendants submitted in support of

their motion for summary judgment.  (ECF No. 106-26.)  Plaintiff did not deny Defendants'

statements of fact which formed the basis for the Magistrate Judge's finding.  (*See generally*

ECF No. 110 at 27.)  For the reasons stated previously, *supra*, these facts are deemed admitted.

Plaintiff objects on the basis that he was not given a chance to correct the procedural error and

that Defendants failed to apply CDOC administrative regulations properly.  (ECF No. 130 at 4.)

Plaintiff, in opposition to Defendants' motion for summary judgment, cited to a more recent

version of the CDOC Administrative Regulation ("AR") regarding grievance processing which

became effective December 15, 2012.  (ECF No. 106-24.)  As discussed previously, the Court

uses the CDOC AR regarding grievance processing in effect (ECF Nos. 118-4, 118-5) at the time

of Plaintiff's grievance (ECF No. 106-25).  The Magistrate Judge's failure to cite the effective

grievance-processing AR does not change the Court's finding that Plaintiff failed to exhaust his

administrative remedies.  Based on the applicable AR grievance procedure (ECF Nos. 118-4,

118-5), nothing required CDOC to afford Plaintiff an opportunity to correct procedural errors

prior to the culmination of the grievance process.  For these reasons, the Court overrules

Plaintiff's objection.

### B.    Plaintiff's Objection to the Magistrate Judge's Report and Recommendation that Plaintiff Failed to Exhaust His Administrative Remedies

The Magistrate Judge recommended granting Defendants' summary judgment motion

due to Plaintiff's failure to exhaust available administrative remedies before suing over his

prison conditions.  (ECF No. 119 at 12-15.)  The Magistrate Judge held that Plaintiff failed to

comply with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), as his grievance

was procedurally deficient as determined by CDOC, thus he did not exhaust his administrative

remedy.  (ECF No. 119 at 12-15.)  Plaintiff objects to this holding on the basis that (1) Plaintiff's

grievance addressed only one issue (ECF No. 130 at 4); (2) no CDOC employee informed

Plaintiff that his grievance was procedurally deficient until CDOC's response in the final

grievance-process step in derogation of CDOC grievance processing policy (ECF No. 130 at 4-

5); and (3) CDOC failed to address his grievance as an emergency (ECF No. 130 at 6-7).

Because a prison's procedural requirements define the steps necessary for exhaustion, an

inmate may only exhaust by properly following all of the steps laid out in the prison's grievance

procedure.  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Howard v. Waide*, 534 F.3d 1227,

1243-44 (10th Cir. 2008).  If a facility fails to notify inmates of the requirements of a grievance[2],

"a grievance [will] satisf[y] § 1997e(a)'s exhaustion requirement so long as it provides prison

officials with enough information to investigate and address the inmate's complaint internally."

*Kikumura v. Osagie*, 461 F.3d 1269, 1284 (10th Cir. 2006), *overruled in part on other grounds*

*as recognized in Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008).

Initially, the Court notes that Magistrate Judge Hegarty relied upon an inapplicable

CDOC AR concerning grievance processing (ECF No. 119 at 13-15).  The Recommendation

cites to a more recent version CDOC AR regarding grievance processing which became effective

December 15, 2012.  (ECF No. 106-24.)  This Court uses the CDOC AR (ECF Nos. 118-4, 118-

5) regarding grievance processing in effect at the time of Plaintiff's grievance (ECF No. 106-25).

The Magistrate Judge's failure to cite to the applicable CDOC AR concerning grievance

processing does not impact the resolution as to whether Plaintiff exhausted his administrative

---

[2] Plaintiff did not file an objection on the basis that CDOC did not inform him initially of the requirements of a
grievance.  Plaintiff's argument that CDOC failed to inform him that  his grievance was procedurally deficient does
not address whether CDOC failed to notify him of the "requirements" of a grievance.

remedy.  Neither Plaintiff's brief in opposition to Defendants' summary judgment motion nor

Plaintiff's Objection cite to the effective CDOC AR concerning grievance processing.

AR #850-04 provides that grievances not in compliance with CDOC's regulations will be

denied on procedural grounds.  (ECF No. 118-4 at 2.)  "When a grievance is denied for a

procedural error, the grievance officer shall certify in the response that the offender has **not**

exhausted the grievance process."  (ECF No. 118-5 at 5 (emphasis in original).)  AR #850-04

provides that "each grievance shall address only one problem or complaint. . . .  Problems that

arise from the same incident or set of facts shall be grieved in one grievance. . . .  A substantive

issue or remedy may not be added at a later step if it has not been contained in each previous step

of that particular grievance."  (ECF No. 118-5 at 4.)  This information informed Plaintiff of the

requirement to limit his grievance to one problem or complaint.

The Magistrate Judge found that a CDOC grievance officer informed Plaintiff that his

grievance was denied for raising multiple issues regarding different events.  (ECF No. 106-26.)

Plaintiff objects on the basis that his grievance addressed the singular issue of "razor blades."

(ECF No. 130 at 5.)  The Court is not persuaded by Plaintiff's argument.  The Magistrate Judge

aptly concluded that Plaintiff's grievance addressed more than one issue and, importantly, added

new complaints at subsequent steps of the grievance procedure.  (ECF No. 119 at 14.)  In Step 1,

Plaintiff grieved that he was the victim of food tampering.  (ECF No. 106-25 at 3.)  In Step 2,

Plaintiff grieved that he was released from DRDC dry cell watch with a razor blade still in his

system.  (ECF No. 106-25 at 2.)  In Step 3, Plaintiff grieved that he was charged for medical

care.  (ECF No. 106-25 at 1.)  These are clearly separate issues which addressed more than one

complaint not stemming from the "same incident or set of facts" and added substantive issues in

later steps.  (ECF No. 118-5 at 4.)  Although "razor blades" may be the overriding theme of his

grievance, Plaintiff addressed more than one issue based on the temporal nature of his grievance

and added substantive issues at subsequent stages in the grievance process.

Plaintiff's objection that CDOC failed to comply with its own AR by failing to inform

him of the procedural deficiencies in his grievance prior to CDOC's Step 3 response finds no

support in the effective CDOC AR concerning grievance processing (ECF Nos. 118-4, 118-5).

Plaintiff's objection that CDOC failed to comply with its own AR by failing to address

his grievance as an emergency[3,4] finds no support in the effective CDOC AR concerning

grievance processing (ECF Nos. 118-4, 118-5).  The applicable CDOC AR states that if "the

grievance is determined to not be an emergency, it shall be routed through normal channels.

Procedures outlined in this AR shall apply."  (ECF No. 118-5 at 7.)  Plaintiff, via competent and

admissible evidence, failed to show that CDOC did not route his grievance through the normal

channels after determining it was not an emergency grievance.

For these reasons, the Court overrules Plaintiff's objection to the Magistrate Judge's

finding that he failed to exhaust his administrative remedies.

**C.      Plaintiff's Objection to the Magistrate Judge's Report and Recommendation
         that Defendants are Entitled to Qualified Immunity**

The Magistrate Judge recommended granting Defendants' summary judgment motion on

the basis that each Defendant is entitled to qualified immunity.  (ECF No. 119 at 15-22.)  The

---

[3] Additionally, the Court observes that Plaintiff did not argue that Defendants failed to treat his grievance as an emergency in opposition to Defendants' summary judgment motion.  (*See generally* ECF No. 110.)  Thus, the Court also finds that Plaintiff waived this argument.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

[4] There is nothing in the record which indicates that Plaintiff's grievance was an emergency.  Despite the fact that Plaintiff wrote "Emergency Grievance" at the top of the grievance form, the Step One grievance was purported written on June 29, 2011, and not received by CDOC staff until July 18, 2011—considerably after his medical condition had resolved.  (*See* ECF No. 106-25 at 3.)

Magistrate Judge held that neither Defendant was deliberately indifferent to Plaintiff's serious condition.  (ECF No. 119 at 21.)  Plaintiff objects to this holding on the basis that (1) Defendants transferred Plaintiff from the dry cell to the general inmate population without a doctor's consent (ECF No. 130 at 8); and (2) Plaintiff should have received follow-up care with Denver Health (ECF No. 130 at 9).

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks and citation omitted).  To resolve a claim of qualified immunity, the Court must consider two elements:  (1) whether a constitutional violation occurred, and (2) whether the right violated was "clearly established" at the time of the violation. *Id*. at 230-31.  The Court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id*. at 236; *accord Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011).  "Qualified immunity is applicable unless the plaintiff can satisfy both prongs of the inquiry."  *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009).

The Supreme Court has held that "[d]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment," and states a cause of action under 42 U.S.C. § 1983 ("Section 1983").  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (internal citations omitted).  A claim of deliberate indifference under the Eighth Amendment is rooted in the "government's obligation to provide medical care for those whom it is punishing by incarceration," where a prisoner cannot access

medical care through any other means.  *Id*. at 103.  Nevertheless, "[not] every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  *Id*. at 105.  Deliberate indifference to serious medical needs can be exhibited by prison staff in failing to properly treat a medical condition, or "by prison guards in intentionally denying or delaying access to medical care."  *Id*. at 104-05.  Where medical staff mistreat a condition, they may avoid liability by showing their conduct was "merely negligent . . . rather than deliberately indifferent," but where "the medical professional knows that his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition, and if he delays or refuses to fulfill that gatekeeper role . . . he may also be liable for deliberate indifference from denying access to medical care."  *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000).

To determine if a plaintiff has stated an Eighth Amendment claim for deliberate indifference, a court must engage in "a two-pronged inquiry, comprised of an objective component and a subjective component."  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

A difference in medical opinion regarding treatment does not amount to a constitutional violation.  *See Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002); *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).  "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  *Estelle*, 429 U.S. at 106.

     1.    <u>Objective Prong</u>

The objective prong examines whether a medical need is "'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause."  *Mata v. Saiz*, 427 F.3d 745, 753

(10th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  A serious medical need that satisfies the objective prong in the Tenth Circuit Court of Appeals is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quotation and citation omitted).  Where the claimed harm is the result of a delay in receiving medical care, such a delay "only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock*, 218 F.3d at 1210.  The objective standard does not require proof of a permanent injury or a showing that the defendant caused the harm directly; evidence that the medical need was serious and the delay "unnecessarily prolonged [the inmate's] pain and suffering" is sufficient.  *Id*. at 1210 n.5.  The substantial harm requirement may be satisfied by a lifelong handicap, permanent loss, or considerable pain.  *Id*. (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (internal quotations omitted)).

The Magistrate Judge found that Plaintiff established an objectively serious medical need since a physician had informed CDOC that he needs to be closely monitored and x-rayed to determine whether Plaintiff passed a razor blade.  (ECF No. 119 at 18-19.)  No party filed an objection to this holding and the Court finds no clear error in the Magistrate Judge's conclusion.

## 2.    Subjective Prong

"The subjective component is akin to recklessness in the criminal law [context], where, to act recklessly, a person must *consciously* disregard a substantial serious harm." *Self*, 439 F.3d at 1231 (internal quotation marks and citation omitted and emphasis added).  As such, the subjective component is not satisfied "unless the [prison] official knows and disregards an

excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  A prison official who intentionally interferes with prescribed treatment is deliberately indifferent to a prisoner's medical condition.  *Estelle*, 429 U.S. at 104-05.

The Magistrate Judge found that Defendants were not deliberately indifferent to Plaintiff's serious medical condition.  (ECF No. 119 at 21.)  Plaintiff filed an objection to this aspect of the Recommendation.  (ECF No. 130 at 8-10.)

On June 4, 2011, Denver Health discharged Plaintiff with the following recommendation as to his care:  "[Plaintiff] needs continued close observation until the [Foreign Body] passes.  If he can [], be monitored at another facility by nursing & get daily [x-ray], then transfer will be reasonable." (ECF 106-9.)  Further, Denver Health's discharge record states "no follow up needed unless razor does not pass."  (ECF No. 106-3.)  Plaintiff was monitored in a dry cell watch from June 4, 2011 until June 7, 2011.  (ECF No. 106-10.)  On June 7, 2011, Plaintiff was transferred from the dry cell to the general inmate population.  (ECF No. 106-16.)  Plaintiff admitted that he underwent x-rays each day of his dry cell watch observation.   (ECF No. 110 at 64.)  On June 8, 2011, Plaintiff received additional medical care.  (ECF No. 106-18.)  The June 8th medical care included an x-ray of Plaintiff's abdomen which determined that Plaintiff had no foreign body in his system.  (ECF No. 106-18.)  Thus, from the time of his discharge from Denver Health until June 8, 2011—the date on which it is verifiable that a razor blade was no longer in Plaintiff's body, Plaintiff was closely monitored and received daily x-rays.

The Court concludes that Plaintiff received the constitutionally required medical care. Plaintiff's first objection is unfounded.  Plaintiff cites no record evidence that Defendants could not transfer him from dry cell watch to the general inmate population without the permission of a medical provider.  Plaintiff's second objection is focused on Plaintiff's desire for different and better treatment (ECF No. 130 at 8-9) which is not a cognizable Eighth Amendment claim pursuant to Section 1983.  *See Thompson*, 289 F.3d at 1222; *see also Coppinger*, 398 F.2d at 394.

As a further ground on which to grant Defendants' qualified immunity defense, which this Court interprets as directed toward any characterization of Plaintiff's claim as implicating a delay in medical care, the Court agrees with the Magistrate Judge's finding that Plaintiff failed to demonstrate that he suffered any substantial harm as a result of being released from dry cell to the general population with a razor blade in his system.  *See Sealock*, 218 F.3d at 1210. Plaintiff's objection points to potential injuries as a result of being released (ECF No. 130 at 9) as well as injuries that he contends resulted from the *ingestion* of the razor blades (ECF No. 130 at 10).  Therefore, Plaintiff failed to rebut the Defendants' argument that he suffered no substantial harm *as a result of his release* to the general inmate population with a razor blade allegedly still in his system.

For these reasons, the Court overrules Plaintiff's objection that Defendants are not entitled to qualified immunity.  Plaintiff failed to establish an Eighth Amendment violation.

### D.       Plaintiff's Objection to the Magistrate Judge's Report and Recommendation that Plaintiff Suffered No Damages

The Magistrate Judge recommended granting Defendants' summary judgment motion as to Plaintiff's compensatory damages claim on the basis that Plaintiff failed to demonstrate that he

suffered a physical injury as a result of being released from the dry cell into the general inmate

population.  (ECF No. 119 at 22-23.)  Plaintiff's objection to this aspect of the Recommendation

is not a model of clarity.  (ECF No. 130 at 10.)

Under the PLRA, 42 U.S.C. § 1997e(e), a prisoner cannot maintain a suit for

compensatory damages unless he suffered a physical injury in addition to mental or emotional

harms as a result of the Section 1983 violation.  *Lawson v. Engleman*, 67 Fed. App'x 524, 526-

27 (10th Cir. 2003) (quoting *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir.

1999)); *see also Turner v. Schultz*, 130 F. Supp. 2d 1216, 1222-23 (D. Colo. 2001).  "[A]

prisoner cannot satisfy Section 1997e(e) by alleging only that he suffered from the physical

manifestations of mental or emotional injuries."  *Hughes v. Colorado Dep't of Corr.*, 594 F.

Supp. 2d 1226, 1238 (D. Colo. 2009) (citations omitted).

Plaintiff does not directly confront the Magistrate Judge's holding that Plaintiff did not

establish that he suffered a physical injury.  (*See generally* ECF No. 130 at 10.)  Rather, Plaintiff

relies upon emotional and mental anguish.  (ECF No. 130 at 10.)  Mental or emotional injuries

without a physical injury will not suffice under the PLRA.

For these reasons, the Court overrules Plaintiff's objection that he can pursue a

compensatory damages claim against Defendants.

## VI.   CONCLUSION

Based on the foregoing and a *de novo* review as to which an objection was filed, the

Court:

(1)      OVERRULES Plaintiff's Objection (ECF No. 130);

(2)      ADOPTS the Magistrate Judge's Recommendation (ECF No. 119); and

(3)      GRANTS Defendants' Summary Judgment Motion (ECF No. 106).

The Court directs the Clerk of the Court to enter JUDGMENT in Defendants' favor.

DATED this 23rd day of October, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge